## MITCHELL v. FARLEY.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

PAYMENT (§ 73*)—EVIDENCE.

Where plaintiff, suing for services rendered, failed to prove an account stated, and relied on the reasonable value of the services, and introduced bills rendered defendant, and the bills contained credits of more than the amount sued for, a prima facie case of payment was established.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220, 222–225, 232–238; Dec. Dig. § 73.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James Mitchell against Ann Farley. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

John V. Judge, of New York City, for appellant.

Robert S. Conklin, of New York City, for respondent.

BIJUR, J. Plaintiff sues for services alleged to be worth $246 for shoeing defendant's horses. The complaint, which was in writing, also alleged an account stated. Defendant conceded the value of the services rendered between approximately January 1, 1912, and August 31, 1912; that being the period during which defendant owned the business, which, apparently, previously had been owned by her deceased husband.

Plaintiff, in support of his case, introduced the bills or statements which he had rendered defendant during the period named. These bills call for an amount aggregating much more than plaintiff's claim, because they begin with a statement of an account rendered which is unexplained by plaintiff, but explained by defendant as a claim against defendant's husband. On the other hand, the bills contained credits of more than the amount of the value of plaintiff's services. Through some misunderstanding, the significance of these credits was overlooked at the trial, and defendant made a motion for a new trial, based on what she called newly discovered evidence. The propriety of the denial of that motion need not be considered, because it is apparent that plaintiff, having failed to prove an account stated, and relying, as he says, upon the reasonable value of the services, has made out a prima facie case of payment by defendant.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.